## MORRIS MULDROW v. STATE.

No. A-3300. Opinion Filed Nov. 29, 1919.

(185 Pac. 332.)

1. **INDICTMENT AND INFORMATION—Preliminary Examination as Condition Precedent to Information.** Under the provision of section 17, art. 2, of the state Constitution, which declares, "No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination," the precedent fact that a preliminary examination has been had, or waived, constitutes the jurisdictional basis for a prosecution for a felony by information.

2. **SAME.** Under the constitutional provision, section 17, art. 2, and provisions of article 5 of the Code of Criminal Procedure (Rev. Laws 1910, secs. 5609-5692), it is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that the offense charged in the complaint, or that a felony other than that charged, as shown by the examination has been committed,

and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information for the offense charged in the complaint when examination has been waived, or for the offense shown by the evidence on the examination, for which the defendant was held to answer.

3.	PRELIMINARY EXAMINATION—Waiver of Right to Preliminary Examination. Where the defendant waives the right to a preliminary examination, he also waives the right to question any irregularities that may have occurred in the proceedings, and where the magistrate holds the defendant to answer on a complaint which names, but does not state any of the essentials of, the offense intended to be charged, and such magistrate files a transcript of the proceeding in the district court, such court has jurisdiction until a motion to set aside or quash the information is sustained, and, if the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to a preliminary examination, or, if one was held, any irregularities therein.

4.	INDICTMENT AND INFORMATION—Information for Offense not Named in Complaint. Where the offense named or charged in the preliminary complaint may be punished by death, and the defendant waives a preliminary examination, and no testimony is taken by the state, the county attorney has no authority to file an information against him for another offense.

5.	SAME—Rape. A preliminary examination for rape includes all degrees of rape, and would include the lesser offenses which are necessarily as a matter of law included. However, where the defendant waives his right to a preliminary examination on a complaint for rape, and no testimony is taken by the state, the magistrate is only authorized to hold and commit the defendant without bail, and the county attorney has no authority to file an information against him for another offense.

6.	SAME—Preliminary Examination—Authority to File Information for Included Offense. Where the offense named in the complaint was rape, and the magistrate failed to indorse his order on the complaint, and the order entered on his docket does not state or indicate the offense for which the defendant was held to answer, but admits the defendant to bail, such order is void and insufficient to authorize the county attorney to file an information for the offense named in the complaint, and, the state not having introduced any testimony, it was insufficient to authorize the filing of an information for any included offense.

*Appeal from District Court, Coal County;*
*J. H. Linebaugh, Judge.*

Morris Muldrow was convicted of an assault with intent to rape, and he appeals. Reversed and remanded, with directions to sustain a motion to quash the information.

*Wilhelm & Holland,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted of an assault with intent to rape, and his punishment assessed at three years' imprisonment in the penitentiary. He has appealed from the judgment rendered upon such conviction.

The information in substance charges that Morris Muldrow did, in Coal county, on or about the 16th day of August, 1917, commit the crime of assault with intent to rape in the manner and form as follows, to wit, did willfully, unlawfully, and feloniously make an assault upon one Beulah Brown, a female person under the age of 16 years, to wit, of the age of 14 years, with the felonious intent then and there on the part of him to unlawfully have sexual intercourse with her, the said Beulah Brown not being the wife of him, the said Morris Muldrow.

The first assignment of error is that the court erred in overruling the defendant's motion to quash the information. Before pleading to the information, the defendant filed a motion to quash for the reasons in substance as follows: That there had been no complaint or examination before the committing magistrate for such offense; that the complaint charges that he did commit the offense of rape, and does not charge an assault with intent to commit rape; that he did not have a preliminary examina-

tion before a magistrate for such offense, nor did he waive the same.

The original complaint as filed with the court clerk is as follows:

"State of Oklahoma, County of Coal—ss:

"D. T. Brown, being by me first duly sworn, deposes and says that one Morris Muldrow on the 16th day of August, 1917, in said county of Coal, state of Oklahoma, did unlawfully, willfully, and maliciously commit the offense of rape upon the person of Beulah Brown, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

"[Signed] D. T. BROWN.

"Subscribed and sworn to before me this 16th day of August, 1917.  R. B. Davidson, Justice of the Peace, Coalgate District."

Attached to the complaint is a duly certified transcript of the proceeding, showing the following order:

"August 21, 1917, comes the defendant Morris Muldrow by his attorneys, Wilhelm & Holland, and in open court waives preliminary hearing, and I order the defendant held to the district court of Coal county at its next regular term in Coal county and place his bond at twenty-five hundred dollars.  R. B. Davidson, Justice of the Peace, Coalgate District."

The constitutional provision guaranteeing the accused the benefit of a preliminary examination, which constitutes an express limitation in this state on the power to prosecute by information for felonies, is as follows:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."  Bill of Rights, sec. 17.

The pertinent provisions of the Code of Criminal Procedure (Rev. Laws 1910) are as follows:

"Sec. 5667. When the defendant is brought before a magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and also of his right to waive an examination, before any further proceedings are had."

"Sec. 5680. If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect:

"It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same.

Sec. 5681. If the offense be not bailable, the following words or words to the same effect, must be added to the indorsement:

"And that he is hereby committed to the sheriff of ———."

"Sec. 5692. When a magistrate has discharged a defendant, or has held him to answer, he must return immediately to the clerk of the district court of the county, the warrant, if any, the complaint, the depositions, if any have been taken, of all the witnesses examined before him, the statement of the defendant, if he have made one, and all undertakings of bail or for the appearance of witnesses, taken by him, together with a certified record of the proceedings as they appear on his docket."

Under the constitutional provision, the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution for a felony by information. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by an examining magistrate that the particular offense charged has been committed, or that a felony other than that charged, as shown by the testimony upon the examination has been committed, and stating generally the nature thereof, and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information in the district court charging the offense named in the prelimnary complaint, when examination has been waived, or charging the offense according to the facts in evidence on the examination for which the defendant was held to answer.

The determination of the examining magistrate would seem to be no less important and jurisdictional than the action of the grand jury in finding an indictment. *Williams v. State,* 6 Okla. Cr. 373, 118 Pac. 1006.

In our judgment the preliminary complaint in this case was insufficient to charge an offense. It merely charges that the defendant "did unlawfully, willfully, and maliciously commit the offense of rape upon the person of Beulah Brown," but it does not state a single fact from which said conclusion is founded. It it well settled that it is not necessary that all the details and technical allegations required in an information should be set forth in the complaint before the magistrate, and that all that can be required is that there shall be a statement containing the substantial facts of the offense intended to be charged.

This is necessary in order that the defendant be informed of the nature and cause of the offense charged against him.

The transcript shows that the defendant waived his right to a proffered preliminary examination for the offense named in the complaint, which if held would have given the defendant a reasonable notice of the nature of the offense intended to be charged against him. We are of opinion that, where the defendant waives the right to a preliminary examination, he also waives the right to question any irregularities that may have occurred in the proceedings, and where the magistrate holds the defendant to answer on a complaint which names, but does not state, any of the essentials of the offense intended to be charged, and such magistrate files a transcript of the proceeding in the district court, such court has jurisdiction until a motion to set aside or to quash the information is sustained, and, if the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to a preliminary examination, or if one was held, he waives the right to any irregularity in the proceeding. A preliminary examination on the charge of rape necessarily includes all degrees of rape, and would include the lesser offenses which are necessarily as a matter of law included within a proper complaint charging rape. However, where the preliminary complaint charges a capital offense and the defendant waives the right to a preliminary examination and no testimony is taken by the state, the magistrate can only order that the defendant be held and committed without bail for the offense named and charged in the complaint. Rape in the first degree may be punished by death (section 2418, Rev. Laws), and bail, in a case where the punishment may be death, can be allowed and taken only "by the Criminal Court of Appeals or a district or superior

court or by a justice or judge thereof" (section 6104, Rev. Laws).

It follows that where the offense named in the complaint is rape and the defendant waives his right to a preliminary examination, and no testimony is taken by the state, the magistrate is only authorized to hold and commit the defendant without bail, and it becomes the duty of the county attorney to file an information charging the defendant with such offense.

The transcript shows that the only order made and entered on the magistrate's docket was as follows:

"I order the defendant held to the district court of Coal county and place his bond at twenty-five hundred dollars."

This order was not indorsed on the complaint.

The failure of a magistrate to indorse his findings and order on the complaint is not jurisdictional where a proper order has been made and entered upon the docket which the law requires the magistrate to keep, and the same is shown by the transcript filed with the court clerk. *Williams v. State*, 6 Okla. Cr. 373, 118 Pac. 1006.

The order entered by the magistrate on his docket does not state or indicate the offense for which the defendant was held to answer, and, if it was intended to hold the defendant for the offense named in the complaint, the magistrate was not authorized to admit the defendant to bail, and, under the procedure in preliminary examina tions as shown by the sections quoted, the order of the magistrate was meaningless and void, and therefore insufficient to authorize the county attorney to file the information for the offense named in the complaint, and, the state not having introduced any testimony, it was in-

sufficient to authorize the county attorney to file an information for any included offense.

For the reasons stated, the judgment is reversed, and remanded, with direction to sustain the motion to quash the information.

ARMSTRONG and MATSON, JJ., concur.