J. P. BANKSTON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12641.

Criminal Court of Appeals of Oklahoma.

March 4, 1959.

Fred Cunningham, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

J. P. Bankston, hereinafter referred to as the defendant, was charged by information in Kiowa County, with the offense of operating a motor vehicle while under the influence of intoxicating liquor; was tried before a jury, found guilty, and his punishment assessed at 10 days in the county jail and to pay a fine of $25 and costs of the action.

The charging part of the information read as follows:

"* * * that on the 17th day of January, 1957, the defendant did unlawfully, wrongfully and wilfully, while under the influence of intoxicating liquor, drive and operate a 1947 Plymouth sedan, 1956, Oklahoma Tag No. 38–1218, upon and over a public highway, to-wit: "From a point unknown to a point one and three-fourths of a mile west of the City of Hobart, Kiowa County, Oklahoma, on State Highway No. 9, while he, the said J. P. Bankston, was under the influence of intoxicating liquor, contrary to the form of the statute in such cases made and

provided and against the peace and dignity of the State of Oklahoma."

The defendant appeals to this court advancing the principal assignment of error as follows:

"That the verdict of the jury and judgment of conviction are not supported by sufficient evidence."

The answer to this assignment of error requires a review of the testimony as reflected by the transcript before us.

The state produced two highway patrolmen as witnesses to establish their case. Patrolman Neunschwander and Patrolman Scott testified in substance to the set of facts upon which the charge was based. The two patrolmen, about 8:30 p. m. were patrolling highway No. 9 about 1½ miles west of Hobart and met a car driven by the defendant. The patrolmen signaled for the defendant to dim his lights several times and received no response. Patrolman Neunschwander stated defendant was driving slowly and next to the center line. They turned the patrol car around and followed the defendant for about ⁹⁄₁₀ of a mile and observed his car weaving across the center line back to the far shoulder of the roadway. They turned on their red light and siren. With some delay defendant stopped. They testified when defendant was out of his car he was unsteady on his feet, staggered, and had a strong odor of intoxicants and in their opinion he was intoxicated.

The defendant did not take the stand to testify in his own behalf but produced two witnesses. Mr. J. C. Chase testified he met defendant about 7:30 p. m. on the date in question on the street and did not think the man was drinking when he saw him. That he had seen him that day two or three times before and he didn't think the man was drinking. Mr. A. C. Pillow testified that he saw the defendant after dark on the day in question and defendant told him he was going home. That he noticed nothing unusual about him as he walked or talked. Thus, the evidence for both the state and defense was concluded and defendant's demurrer overruled.

In such cases the court has held numerous times before that where there is a conflict of the testimony, a question for the jury is presented and if there is competent testimony upon which the jury could reasonably base their verdict, this court would not interfere. The patrolmen's testimony was clear, positive, and concise and if believed, was sufficient to justify the jury's verdict. The two witnesses for the defendant did not necessarily contradict the testimony of the patrolmen as they last saw defendant 30 or 40 minutes before he was arrested. However, the jury evidently believed the patrolmen, which was their right to do.

The court adheres to the rule as stated in Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440, 447:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this court will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

We have carefully reviewed the record of the entire proceedings in the case at bar and find no error of such a nature as to justify reversal. Defendant was well represented by able counsel and was afforded a fair trial before a jury of his peers in the county where he resides.

The judgment and sentence of the trial court is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.