Edward Earl ANDERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13324.

Court of Criminal Appeals of Oklahoma.

May 15, 1963.

Edward Earl Anderson, pro se, assisted by Don Anderson, Public Defender, Oklahoma County.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Edward Earl Anderson, hereinafter referred to as the defendant, was charged by Information in the District Court of Oklahoma County with the crime of CARRYING A CONCEALED WEAPON AFTER FORMER CONVICTION OF A FELONY, was tried by a jury, found guilty, and sentenced to three years in the penitentiary.

Defendant lodged his appeal in this Court within the time prescribed by law, asserting as his only contention of error that the trial court erred in permitting the jury to be informed, by the testimony of the deputy court clerk and by the trial court's own instructions, that defendant had previously been convicted of a felony. His contention is based upon the decision rendered by this writer, Harris v. State, Okl.Cr., 369 P.2d 187, setting down procedure to be followed regarding the second and subsequent offense statutes of this State. Defendant was charged under the provisions of Title 21 O.S.A. §§ 1283 and 1284, which read as follows:

> "It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun." § 1283.

> "Any person who violates any provision of this act shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in

the state penitentiary not less than one year nor more than ten years." § 1284.

The Harris case, supra, was not based nor intended to interpret the above Statutes, but construed Title 21 O.S.A. § 51, dealing with second and subsequent offenses, which reads as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years."

Sections (2) and (3) of the statute simply set out the differences in the amount of punishment, similar to (1).

The above Statute does not create a new crime, and therefore cannot be used to supply substantive evidence of guilt of an accused in the principal charge, but only enhances punishment, when accused is proven guilty by independent evidence.

However, Title 21 O.S.A. §§ 1283 & 1284, under which the defendant was charged, is a section wherein the former conviction of a felony is a part of the substantive evidence that is required to be shown, in order to supply the element of the crime charged.

Defendant had previously been convicted of the crime of Robbery with Firearms in case #19074 in Oklahoma County in which he was sentenced to serve a term of 12 years in the penitentiary in March of 1949.

No doubt the crime previously committed had a great deal to do with the jury assessing three years instead of the minimum of one year. For the simple fact that he had been convicted of Robbery with Firearms (which is a capital offense in this state) raises the presumption that he had the gun in his possession for the same purpose.

Defendant was appointed an attorney by the court, the Public Defender for Oklahoma County—Don Anderson, to represent him at the trial, but he chose to defend himself. The trial judge apprised him of his right to counsel very carefully, and made sure it was understood before he would dismiss the attorney. However, he did stay at the counsel table with the defendant and had several conferences with him during the course of the trial.

Defendant filed his own case in this Court, and filed his own brief, which this Court has carefully considered.

Any pleading prepared by an inmate of the penitentiary without assistance of counsel will be liberally construed. (Martin v. Raines, Okl.Cr., 366 P.2d 117.)

It is very understandable how one not familiar with all of the Statutes of Oklahoma could become confused regarding these two sections. However, had the defendant been charged under the section he assumes to be, his punishment could have been much greater.

Defendant complained of the manner in which the gun was found, and that the policemen did not take fingerprints from the gun. In such cases where there is some conflict in the testimony, this Court has held numerous times that this is a question for the jury, and if there is competent testimony upon which the jury could reasonably base their verdict, this Court would not interfere. In the case of Bankston v. State, Okl.Cr., 336 P.2d 1116, this Court said:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this court will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive

province of the jury to weigh the evidence and determine the facts."

See, also, Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440, 447.

We have carefully reviewed the record of the entire proceedings in the case at bar and find no error of such a nature to justify reversal, and the case is accordingly affirmed.

BUSSEY, P. J., and JOHNSON, J., concur.