Lawrence Asburry CUNNINGHAM,
Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16848.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

James S. Steph, Okmulgee, for appellant.

Austin O. Webb, Dist. Atty., Stephen W. Smith, Asst. Dist. Atty., Okmulgee County, for appellee.

## MEMORANDUM OPINION

SIMMS, Judge:

Appellant was originally tried and convicted in the District Court of Okmulgee County for the offense of Burglary Second Degree, After Former Conviction of a Felony, and sentenced to a term of 35 years upon the jury verdict. The judgment and sentence imposed by the trial court in 1967 was thereafter timely appealed to this Court, and this Court affirmed the 35 year judgment and sentence in case number A–14,441. Cunningham v. State, Okl.Cr., 459 P.2d 189 (1969).

Thereafter, in 1970, appellant filed an application for Post-Conviction Relief in

the District Court of Okmulgee County. After conducting an evidentiary hearing, the trial court vacated the 35 year judgment and sentence and re-sentenced appellant to a term of 17½ years in the state penitentiary. An appeal was attempted from the original order of the trial court re-imposing a lesser sentence, however, this appeal was dismissed on the 24th day of June, 1971, for failure to file a petition in error within thirty days after the date of Order on Post-Conviction Relief in the trial court. Appellant orally moved the trial court to vacate its original order imposing a lesser judgment and sentence, and a new order reducing the judgment and sentence to 17½ years was entered by the trial court. From this final order, appellant has now perfected the timely appeal to this Court.

The records before us reflect that the trial was properly conducted in a two-stage proceeding. The first page of the information charged the defendant with the crime of Burglary in the Second Degree. Page two of the information recited six prior convictions had by the defendant. Evidence of these six prior convictions was presented to the jury in the second stage of the trial.

Appellant contends that because he was not represented by legal counsel on four of the six convictions given to the jury, he could not be convicted of the offense of Second Degree Burglary After Former Conviction of a Felony, and should have been sentenced to a term within the limits for Second Degree Burglary.

The evidentiary hearing before the trial judge did establish that on four of the convictions the defendant was not represented by counsel, however, appellant in the evidentiary hearing tacitly admitted that he was represented in two of the cases wherein he received convictions which were the predicate for the present charge.

At the close of the evidentiary hearing the trial court found, and properly so, that the admission of the four convictions wherein appellant was without counsel, had a prejudicial effect upon the jury, and in turn, tended to enhance the punishment. This was the reason given for the vacation of the 35 year sentence and the re-imposition of a term of 17½ years.

■ ■ Appellant seeks to apply the "domino theory" to even those convictions wherein appellant was represented by counsel for the reason that the two convictions obtained where defendant was represented by counsel were convictions involving the habitual criminal statute, the predicate for which, were convictions wherein defendant was not represented by counsel. Conceding, arguendo, that the use of the prior convictions in the two cases where appellant was represented by counsel was improper, nonetheless appellant's argument in the instant case must fail for the reason that the second and subsequent offense provisions of the statute, commonly referred to as the "habitual criminal act," does not define nor create a crime and cannot be used to supply as substantive evidence of guilt of an accused in the principal charge. Anderson v. State, Okl.Cr., 381 P.2d 892 (1963).

■ The record clearly shows that the constitutional requirement of counsel, or in the alternative, an intelligent waiver thereof, as spelled out in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), have been met in at least two of the former convictions submitted to the jury in the instant case. We can, therefore, but conclude that defendant was properly convicted of the crime of Second Degree Burglary, After Former Conviction of a Felony.

It therefore follows that the order of the trial court vacating sentence of 35 years, and re-imposing a sentence of 17½ years is, in all respects, hereby affirmed.

In accordance with the pro se request of appellant, Mandate is Ordered to Forthwith Issue.

BUSSEY, P. J., concurs.

BRETT, J., concurs in result.