**Jerry Louis THOMAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–58.**

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jerry Louis Thomas, a/k/a Roland, a/k/a Jerry L. X., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–940, for the offense of Robbery with Firearms, After Former Conviction of a Felony, his punishment was fixed at twenty-five (25) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Mike Bullen, a medical student at the University of Oklahoma College of Medicine, testified that on April 8, 1972, he resided at 601 N. Phillips, Apartment 2, Oklahoma County; that he was studying for a test when sometime between 11:00 and 12:00 p.m. he looked up to observe a Negro man standing in his livingroom with a gun pointed at him. He described the subject as being six foot or six foot one inch tall, wearing a black wig, a black scarf covering his face except his left eye, and a dark jacket. The man demanded his money and he showed him that his billfold was empty. He offered the subject some watches and he replied that he didn't want them and ordered him to go upstairs. The subject observed a pistol laying on the floor and picked it up, looked it over and put it in his pants. He ordered Bullen to get into the closet and to not get out. When Bullen heard the front door shut, he got out of the closet and called the police. After finishing the conversation, he went outside and observed a classmate of his, Gil Child, down by the corner.

Gilbert Child testified that he was a medical student at the University of Oklahoma and lived approximately one block from Mike Bullen. On the evening in question, he went over to Mike's house and knocked on the door. He heard some noise from inside the apartment, but when no one came in a couple of minutes, he left. When he was approximately two hundred feet away, he heard an apartment door open. He turned around and observed a person, whom he identified in court as defendant, in front of the partment holding a black wig and a black scarf in his hand. The defendant, who was wearing a light colored windbreaker, attempted to cover his face with the wig.

Officer Connor, of the Oklahoma City Police Department, testified that he was on duty during the late evening hours of April 18, 1973, and the early morning hours of April 19, 1973, and that he answered a prowler call in the 1100 block of N.E. 15th Street. He and his partner, Officer Riley, took a report of the incident and received a description of a suspect. At approximately 1:15 a.m. on the 19th, he observed a shadow of a man behind a house in the 1400 block of Stonewall. Connor stopped the police unit and ordered the person, who was crouched down behind the house, to come out. He identified the person as the defendant. He observed a bulge in defendant's hip pocket and upon searching him, found a .32 automatic hand gun and a .22 caliber pistol upon his person. He fur-

ther testified that the defendant had a white handkerchief, a black head scarf and a yellow T-shirt tied around his neck. After placing the defendant in the police unit, a black wig was found where the defendant was originally observed crouching behind the house. He testified that prior to the arrest he had received a radio-gram concerning the description of a person involved in an armed robbery that matched defendant's description.

Mike Bullen was recalled and identified State's Exhibit 2 as being his .32 caliber automatic pistol taken by the robber. He further identified the wig and black scarf as being similar to the ones worn by the robber.

Officer John Riley's testimony as to the arrest of defendant did not differ substantially from the testimony of Officer Connor.

Jerome Roland, defendant's cousin, testified that at approximately 10:30 p.m. he, defendant and Anthony Huspitt went to the Family Recreation Center to shoot pool. While in the center, a man wanted defendant to shoot pool for some stakes, saying that he had two guns he would bet. Later, defendant came up to him and said "Man, I done won some pistols." He later dropped the defendant off at 13th or 14th and Kelly, defendant taking the pistols with him.

Anthony Huspitt testified that defendant came to his house on the evening in question at about 7:30 p.m. Jerome Roland picked them up at approximately 10:30 p.m. and they went to the Family Pool Hall. He went next door to a little bar and drank beer since he did not shoot pool. He next saw defendant about midnight and defendant had two pistols which he stated he had won in a pool game. One of the pistols looked like a small .22 automatic pistol and the other looked like a .32 caliber.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the

record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okla.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Considering that this is defendant's fourth felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.