**Jerry Lewis THOMAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–212.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

Rehearing Denied Jan. 25, 1984.

Certiorari Denied April 16, 1984.
See 104 S.Ct 1923.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan B. Agosta, Asst. Atty. Gen., State of Okla., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Jerry Lewis Thomas appeals from his Oklahoma County District Court convictions for Burglary in the Second Degree After Former Conviction of Two or More Felonies, and Rape in the First Degree After Former Conviction of Two or More Felonies. He received sentences of twenty-five years' and one-hundred-fifty years' imprisonment, respectively, said sentences to run consecutively.

On December 7, 1980, at approximately 2:30 a.m., S.D., an unmarried female, ar-

rived at her Northwest Oklahoma City home from work. Upon entering the house, she discovered a masked negro man inside. At gunpoint, he ordered her into the bedroom, put a pillow case over her head, tied her hands behind her back and made her lie face down on the bed. S.D. then heard the man rummaging through her belongings in her house.

After a short period of time, the man returned to S.D., untied her, removed her clothing and had sexual intercourse with her against her will. He then retied her hands and made good his escape. Fearing he may still be somewhere inside the house, S.D. lay on the bed for some period of time. She then got up and called the police.

The appellant's latent thumbprint was recovered from a ceramic cookie jar that sat on S.D.'s bedroom dresser. Samples of hair found on S.D.'s bed, and samples of seminal fluid taken from S.D.'s vagina were consistent with those taken from the appellant.

The appellant first alleges that the prosecutor improperly accused two witnesses of manufacturing "phony alibis" during closing argument.

■ No objection to the prosecutor's remarks were made at trial, nor was the alleged error preserved in the motion for new trial. It is therefore not properly before this court. *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982); *Myers v. State,* 623 P.2d 1035 (Okl.Cr.1981). Furthermore, we have examined the prosecutor's remarks, and find no fundamental error.[1]

■ The appellant's second allegation of error is that his right to due process was violated when his attorney stipulated that, if called, certain State's witnesses would testify concerning the appellant's prior felony convictions.[2]

This identical issue was addressed in *Tucker v. State,* 620 P.2d 1314 (Okl.Cr. 1980). We find that case controlling. The State was not relieved of its burden of proving the prior felony convictions by the stipulations.[3] Further, the State met its burden of proof by introduction of the judgment and sentences of the appellant's prior felony convictions. There was no error. *Tucker,* supra.[4]

The appellant has also filed a lengthy pro se brief in which he alleges 1) that his trial counsel was ineffective; 2) that the evidence presented at trial was insufficient to sustain his conviction; 3) that the stipula-

---

1. This case is clearly distinguishable from the cases cited by the appellant. In those cases, the prosecutor's remarks that witnesses had lied were clearly much more egregious than the remarks presently complained of. See, *Wright v. State,* 637 P.2d 869 (Okl.Cr.1981); *Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981); *Hager v. State,* 612 P.2d 1369 (Okl.Cr.1980); *Reeves v. State,* 601 P.2d 113 (Okl.Cr.1979); *Lewis v. State,* 569 P.2d 486 (Okl.Cr.1977); *Dupree v. State,* 514 P.2d 425 (Okl.Cr.1973); *Ray v. State,* 510 P.2d 1395 (Okl.Cr.1973).

2. The appellant's attorney stipulated that, if called, the Oklahoma County Court Clerk would testify that he was the custodian of the records of the appellant's prior felony convictions, and that the judgments and sentences were final; and that if called, other witnesses would identify the appellant as the same person as the one named in the prior felony conviction records.

3. The stipulations made by counsel were most likely a tactical decision. The appellant has been tried and convicted of numerous crimes,

dating back to 1962. As a result of extensive post-conviction application by the appellant, several of his prior convictions were vacated or modified. (See, footnote 6, infra). Thus, to avoid undue emphasis upon the prior convictions, and the inevitable explanation which would follow, the appellant's attorney stipulated to the "chain of custody" of the copies of the judgments and sentences.

4. In addition, the appellant argues that our decision in *Brewer v. State,* 650 P.2d 54 (Okl.Cr. 1982) indicates that a defendant must be allowed to personally stipulate to his prior felony convictions. However, as stated above, the stipulations went not to the existence of the prior convictions, but rather to custody and finality, and to the identification of the appellant. Moreover, we have addressed this identical issue in the recent case of *Clifton v. State,* 665 P.2d 836 (Okl.Cr.1983) at footnote 1. For the reasons therein set forth, we find no need to require the personal stipulation of defendant to the existence of prior felony convictions in non-capital cases.

tions discussed above were erroneously entered into; and 4) that the court erroneously overruled his motion for a new trial, based on the above three arguments.[5]

■ The ineffective assistance of counsel argument is divided into eight subpropositions, the first of which concerns the prior felony convictions used to enhance his punishment in the present case under 21 O.S.1981, § 51(B).[6]

The information originally filed against the appellant listed as grounds for enhancement of punishment the two 1962 Second Degree Burglary convictions and the 1964 Second Degree Rape conviction. (See, footnote 6, supra.) The amended information, filed on April 15, 1981, contained the same three prior convictions. On the day after the appellant's preliminary hearing (May 7, 1981), the State amended the amended information to delete the two Second Degree Burglary convictions, and to add the 1972 Robbery with Firearms, AFCF conviction

and the 1973 Carrying a Firearm, AFCF conviction. (See footnote 6, supra.)

The appellant alleges that he was entitled to another preliminary hearing on the 1972 and 1973 convictions, in accordance with *Carter v. State*, 292 P.2d 435 (Okl.Cr. 1956), and that his counsel was ineffective in failing to make such a request.

In Title 22 O.S.1981, § 304 permits the amendment of informations after a plea has been made, upon order of the trial court. Furthermore, we are convinced that the appellant was put on notice that he was to be charged as a second and subsequent offender, and subject to enhanced punishment pursuant to 21 O.S.1981, § 51(B), at his preliminary hearing by virtue of the three convictions then alleged. Thus, this case is entirely different from *Carter*, supra, wherein the defendant was surprised at trial by the State's presentation of his former convictions. In the present case, the amendment was made in May, and the

---

5. The record in this case indicates that the appellant wrote at least one letter to the attorney appointed to perfect his appeal in which he expressed concern that the attorney would not raise all possible meritorious issues because that attorney worked in the same public defender's office as did his trial attorney. We would note that the United States Supreme Court has recently held that counsel who is appointed to prosecute an appeal from a defendant's conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. *Jones v. Barnes*, ── U.S. ──, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). This Court has departed from its normal practice of not allowing a defendant to file pro se briefs to supplement the argument of counsel in the present case (See, 22 O.S.Supp.1983, App.Rule 3.4) only because of the appellant's litigious proclivity. Thus, any error the appellant might consider raising concerning the effectiveness of his appellate counsel is by virtue of the remainder of this opinion rendered moot.

6. The history of the legal proceedings surrounding the appellant's prior felony convictions is rather complex. The appellant was twice convicted in 1962 of Burglary in the Second Degree, Oklahoma County District Court Case Nos. 27876 and 27984. He was convicted of Rape in the Second Degree, AFCF in 1964, Oklahoma County District Court Case No. 29664. In 1972 he was convicted of Robbery with Firearms, AFCF, Oklahoma County District Court Case No. CRF–72–940. He pleaded guilty in January of

1973, to a charge of Carrying a Firearm, AFCF in Oklahoma County District Court Case No. CRF–72–939.

The appellant was under the age of eighteen years when he was convicted of the two 1962 Burglary in the Second Degree charges, and the 1964 Rape in the Second Degree, AFCF charge. In 1980, based upon *Lamb v. Brown*, 456 F.2d 18 (10th Cir.1972), the appellant entered into an agreement with Oklahoma County, styled *Consent Decree for Orders Granting Post-Conviction Relief*, wherein it was ordered; 1) that the 1962 Burglary in the Second Degree, Case No. 27984, was void; 2) that the 1964 Rape in the Second Degree, AFCF be modified to Rape in the Second Degree, and the sentence of 15 years' imprisonment be modified *nunc pro tunc* to 5 years' imprisonment; 3) that the conviction for Robbery with Firearms, AFCF, Case No. CRF–72–940, be modified from twenty-five years' imprisonment to fifteen years' imprisonment; 4) that the sentence for Carrying a Firearm, AFCF, Case No. CRF–72–739, be modified to be served concurrently with the CRF–72–739, be modified to be served concurrently with the CRF–72–940 sentence; 5) that judicial notice be taken that the other 1962 Burglary in the Second Degree conviction, Case No. 27876, had been previously vacated on other grounds; and 6) that the consent decree encompassed, concluded and exhausted all the contentions between the appellant and Oklahoma County based on *Lamb v. Brown*, supra, or its progeny. (State's in camera Exhibit No. 17).

trial held in September. The appellant had ample prior notice of the charges against which he had to defend. See, *Simmons v. State,* 549 P.2d 111 (Okl.Cr.1976); *Sam v. State,* 510 P.2d 978 (Okl.Cr.1973). *Jordon v. State,* 327 P.2d 712 (Okl.Cr.1958).

Moreover, in light of this ample time, we do not believe the appellant's attorney's announcement of ready at trial, and resulting waiver of the issue,[7] constituted ineffective assistance of counsel. There is no evidence that the appellant's attorney was not familiar with the appellant's former convictions and the circumstances surrounding them. As noted below (see footnote 3 supra), counsel was sufficiently familiar with the convictions to make proper stipulations so as to avoid undue prejudice to the appellant. There was no error.

■ The appellant next attacks the validity of the 1973 Carrying a Firearm, AFCF conviction (No. CRF–72–939). Citing *Grace v. Harris,* 485 P.2d 757 (Okl.Cr. 1971), he argues that Carrying a Firearm, AFCF, is an essential element of the crime for which he was previously convicted in Case No. CRF–72–990, Robbery with Firearms, AFCF.

In *Grace,* this Court held that the double jeopardy clause of Okla. Const. art. II, § 21, prevented the State from trying the defendant for Using a Firearm During the Commission of a Felony, when the defendant had previously been convicted of Robbery with Firearms for the same transaction, and the "felony" element of the charge was the Robbery with Firearms conviction. This case presents a different consideration. The crime of Carrying a Firearm AFCF, does not merge into the crime of Robbery with Firearms AFCF. In Carrying a Firearm AFCF, a prior felony conviction is an essential element of the crime. See, Laws 1961, p. 231, § 1, codified as 21 O.S.1971, § 1283; *Anderson v. State,* 381 P.2d 892 (Okl.Cr.1963). With the Robbery with Firearms AFCF, however, the AFCF goes only to enhancement

of punishment, and is not a substantive element of the crime. *Cunningham v. State,* 500 P.2d 1338 (Okl.Cr.1972); *Anderson,* supra. Since the elements of the two crimes are different, the appellant was properly charged and convicted of both.

■ The appellant also argues the 1964 Burglary in the Second Degree, AFCF conviction should not have been used to enhance his punishment in the present case for the following reasons: 1) that it is void under *Lamb,* supra; and 2) that he was never afforded an opportunity to appeal the conviction. Concerning the *Lamb* argument, we need only note that the appellant has been granted relief upon this contention, and by the terms of his own agreement is estopped from further litigating the matter. See, footnote 6, supra; State's in camera exhibit number 17, styled "CONSENT DECREE FOR ORDER(S) GRANTING POST–CONVICTION RELIEF, CASE NOS. 27876, 27984, 29664, CRF–72–939, CRF–72–940," dated April 17, 1980.

In regard to the appellant's second contention, he admits no written notice of intent to appeal was made in 1964, but avers that he gave oral notice of his intent to appeal. He argues that his court-appointed attorney failed to help him perfect an appeal, and due to the manner in which the reformatories in which he was incarcerated were run, he had no access to a law library.

Nineteen years have passed since the date of the judgment and sentence in that case, and it has been modified pursuant to the consent order (See footnote 6, supra), yet the appellant has apparently never filed for post-conviction relief in the District Court of Oklahoma County concerning the lack of an appeal. Having not done so, he cannot collaterally attack the validity of that conviction upon this appeal.

Thus, as it now stands, the appellant's three prior felony convictions were properly utilized against him for the purpose of enhancing his punishment.[8]

7. *Starr v. State,* 479 P.2d 628 (Okl.Cr.1971); *Rapp v. State,* 413 P.2d 915 (Okl.Cr.1966).

8. According to the terms of 21 O.S.1981, § 51(B), only two prior felony convictions are

The appellant also has made the tangential argument that it is improper to allow the State to impeach a defendant who testifies on his own behalf with his prior convictions. We would note that the appellant did not take the witness stand, and therefore was not subject to cross-examination concerning his prior convictions. He therefore has no standing to complain of the provisions in the evidence code providing for such cross-examination.

The appellant's second subproposition of error is the same error argued by counsel on this appeal, to-wit: that trial counsel erroneously stipulated to matters concerning his prior convictions. We have disposed of this argument, supra.

The appellant's third and fifth subpropositions of error contain a plethora of arguments and suggested objections which he contends counsel should have made at trial. In regard to these allegations, we have reviewed the transcript of the appellant's trial, and find that the State properly established the chain of custody of the thumbprint which was lifted from the cookie jar, laid adequate foundation for the admission of that thumbprint and the expert testimony concerning it into evidence, and presented proper testimony that the thumbprint was the appellant's. Further, we find no error in the trial court's exclusion of four fingerprints offered by the appellant, which were also taken from the cookie jar, but smudged in such a manner that no identification or comparison whatsoever could be made. Since ample testimony and photographs were admitted concerning the cookie jar, no purpose would have been served by introducing the cookie jar itself into evidence. Lastly, the remainder of the appellant's complaints contained within these two subpropositions consist of frivolous hypothesis and speculations which we are totally unwilling to chastise counsel for his failure to confabulate. We

find these subpropositions to be without merit.

The appellant's fourth subproposition of error is that trial counsel failed to consult with him prior to or during the hearing on his motion for new trial.

It is well established that a defendant is entitled to representation by an attorney, or he may proceed pro se, but is not entitled to representation partially pro se and partially by counsel. *Stiner v. State*, 539 P.2d 750 (Okl.Cr.1975); *Smith v. State*, 521 P.2d 832 (Okl.Cr.1974). Nonetheless, the transcript of the motion for new trial held on November 24, 1981, reflects that trial counsel presented the appellant's pro se motion for new trial along with his own, and that counsel further related to the court that the appellant did not wish to personally make any statements concerning the pro se motion for new trial. (Trans. of proceedings on October 30 and November 24, 1981, pp. 51–52). The trial court thoroughly considered the pro se motion for new trial, as has this Court. The appellant has suffered no prejudice from any of the error he alleges.

The appellant's sixth subproposition of error is that trial counsel failed to object to a question propounded to a defense witness by the prosecutor, which the appellant interpreted to be racially inflammatory.[9] However, the prosecutor expressly stated to the witness that he did not mean the question to be disrespectful. Defense counsel's decision not to object and draw undue emphasis to the question was not error. We do not believe that the question affected the jury's verdict.

The appellant's seventh subproposition is that trial counsel failed to request a continuance to better prepare for trial. Pages 33 and 34 of the original record in this case reveal that, on August 26, 1981, counsel did file a motion for continuance. Further, the appellant was allowed to ar-

---

necessary to provide for the enhancement of the appellant's punishment.

9. The question asked was: "Now, you love your cousin [the appellant] don't you? I mean he is your soul brother isn't he? I am not saying that disrespectively, Mr. Roland. He is black and you black [sic], aren't you?"

gue at the November 24, 1981, motion for new trial that he did not believe counsel had adequate time to prepare the case. The trial court obviously took the matter into consideration prior to overruling the motion for new trial. The transcript of the appellant's trial reflects that counsel was indeed prepared for trial, and conducted an admirable defense. There was no error.

■ The appellant's eighth subproposition of error alleges that the trial court erroneously forced the jury to stay and determine his punishment, despite their obvious fatigue and desire to go home, and in contravention of counsel for both sides' similar desire.

After the jury had returned verdicts of guilty in the first stage, heard arguments and received evidence in the second stage, again retired to deliberate and eaten the evening meal, a note was sent asking what would happen if they did not reach a verdict that night. In open court, in the presence of the appellant, a district judge [10] asked the jury as a whole, and the foreman specifically, whether it would be beneficial for them to deliberate a little longer. The foreman replied in the affirmative, and the jury returned to deliberate. Thus, there is no demonstration in the appellant's briefs, in the transcript or otherwise that the jury was returned to deliberate against its will or under circumstances which would influence their deliberations. The assignment cannot stand.

■ The appellant's second pro se allegation of error is that insufficient evidence was adduced against him to sustain the conviction. He argues that the State's case was entirely circumstantial, and that no direct evidence was produced to identify him as the perpetrator.

We have held numerous times that a conviction may be had based upon circumstantial evidence. *Fiorot v. State*, 641 P.2d 551 (Okl.Cr.1982). Further, we have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that a defendant was guilty as charged, this Court will not interfere with the verdict. *Thomas v. State*, 514 P.2d 399 (Okl.Cr.1973). This Court is convinced that adequate evidence was adduced that a burglary and a rape were committed, and the appellant was the perpetrator.

The appellant's third pro se allegation of error is that the trial court abused its discretion by accepting defense counsel's stipulation concerning the prior felony convictions. Since we have determined in an earlier portion of this opinion that no error occurred concerning this matter on defense counsel's part, we are likewise convinced the trial court committed no error.

Lastly, the appellant's fourth pro se allegation of error is that the trial court erred in overruling his twenty page, eighteen-count handwritten motion for new trial. We have examined his motion for new trial, and note that almost all of the error alleged therein has been argued in his pro se brief. Upon consideration of the issues raised herein, and finding no fundamental error otherwise occurring, we affirm the appellant's judgments and sentences. *Brinlee v. State*, 543 P.2d 744 (Okl.Cr. 1975).

CORNISH, J., concurs.

BRETT, J., concurs in results.

---

**10.** The judge who presided over the appellant's trial and over the second stage had left to keep a doctor's appointment. Another district judge completed the proceedings.