THOMPSON v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THOMPSON v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THOMPSON v. STATE
2018 OK CR 5
Case Number: F-2016-982
Decided: 02/15/2018
KENDALL RAY THOMPSON, v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2018 OK CR 5, __ __

 

SUMMARY OPINION
KUEHN, JUDGE:
¶1 Kendall Ray Thompson was tried by jury and convicted of Counts I and II, Manslaughter in the First Degree in violation of 21 O.S.2011, § 711, and Count III, Failure to Stop at a Stop Sign (Misdemeanor) in violation of 47 O.S.2011, § 11-201, all after former conviction of two or more felonies, in the District Court of Haskell County, Case No. CF-2014-74. In accordance with the jury's recommendation the Honorable Brian C. Henderson sentenced Thompson to twenty (20) years imprisonment on each of Counts I and II, to be served concurrently, and a fine of $5.00 on Count III. Thompson must serve 85% of his sentences on Counts I and II before becoming eligible for parole consideration. Thompson appeals from these convictions and sentences.
¶2 Thompson raises three propositions of error in support of his appeal:
I. The trial court erred in denying Appellant's motion to quash and instructing the jury on the enhanced range of punishment for first degree murder [sic].
II. Under the facts and circumstances of this case, the concurrent twenty-year sentences are excessive and should be modified by at least partial suspension.
III. Appellant's convictions for both misdemeanor manslaughter and the underlying misdemeanor cannot stand.
¶3 After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief in Counts I and II. Count III must be vacated and remanded with orders to dismiss.
¶4 We first find in Proposition I that the trial court did not err in denying Thompson's motion at trial to quash the Supplemental Information charging him with prior convictions. This is not a jurisdictional claim; Thompson waived this issue because he failed to timely assert that the evidence at preliminary hearing was insufficient before he entered a plea at arraignment. Primeaux v. State, 2004 OK CR 16, ¶ 18, 88 P.3d 893, 900; Koonce v. State, 1985 OK CR 26, ¶ 7, 696 P.2d 501, 504, overruled on other grounds, Landtroop v. State, 1988 OK CR 90, ¶ 6, 753 P.2d 1371, 1371.
¶5 As well, Appellant's argument that he was surprised by the second page allegations because the second page was not filed with each amended Information is unpersuasive. We have upheld a conviction where a second page was initially separately filed, and not included in the subsequently-filed amended Informations; the defendant had been bound over on the alleged prior convictions, and the record clearly showed he was not surprised by them. Doyle v. State, 1989 OK CR 85, ¶¶ 10, 11, 785 P.2d 317, 322. Like the defendant in Doyle, the record reflects that Thompson was not surprised by the allegations in the Supplemental Information and admitted he had the prior convictions. Id.
¶6 We warned prosecutors that "the better practice would be for the State to file the second page with the amended first page, even when the second page remains the same in substance. . . ." Id., 1989 OK CR 85, ¶ 11, 785 P.2d at 322. The State did not heed that warning in this case. We take this opportunity to again instruct prosecutors to follow the advice of the Court: with subsequent filings of an Information, best practice is for the State to attach or incorporate by reference the second page.
¶7 We further find that the trial court did not err in instructing jurors on the range of punishment. Thompson did not object to the instructions given at sentencing and has waived all but plain error. Day v. State, 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial. Barnard v. State, 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. Thompson's claim of incorrect instruction relies wholly on the underlying claim that there was no evidence of the prior convictions presented at preliminary hearing. As Thompson waived that underlying claim of error by failing to raise it before he entered a plea at arraignment, there is no error this Court could use to find plain error in the instructions. This proposition is denied.
¶8 We find in Proposition II that, taking the facts and circumstances of the case into account, Thompson's sentences on Counts I and II are not excessive. See Burgess v. State, 2010 OK CR 25, ¶ 22, 243 P.3d 461, 465. As Thompson admits, the misdemeanor manslaughter charges may be brought, despite the availability of other charges, at the prosecutor's discretion. State v. Haworth, 2012 OK CR 12, ¶¶ 18-19, 283 P.3d 311, 317-18. The record does not support Thompson's claim that the exercise of discretion in this case, or any other factor at trial, led to an excessive sentence. This proposition is denied.
¶9 We find in Proposition III that Thompson's conviction in Count III violates the prohibition against multiple punishment found in 21 O.S.2011, § 11. The State concedes this error. The conviction and fine in Count III are vacated, and the case remanded with instructions to dismiss. This proposition is granted.
DECISION
¶10 The Judgments and Sentences of the District Court of Haskell County, on Counts I and II, are AFFIRMED. The Judgment and Sentence in Count III is VACATED and the case is REMANDED with instructions to DISMISS Count III. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF HASKELL COUNTY
THE HONORABLE BRIAN C. HENDERSON, ASSOCIATE DISTRICT JUDGE




ATTORNEYS AT TRIAL

ATTORNEYS ON APPEAL


GARY BUCKLES
EVAN FREEMAN
P.O. BOX 771
POTEAU, OK 74953
COUNSEL FOR DEFENDANT

JAMES H. LOCKARD
DEPUTY DIVISION CHIEF
HOMICIDE DIRECT APPEALS DIV.
OKLA. INDIGENT DEFENSE SYSTEM
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT


FARLEY WARD
DISTRICT ATTORNEY
ADAM SCHARN
ASSISTANT DISTRICT ATTORNEY
HASKELL COUNTY COURTHOUSE
202 EAST MAIN STREET, SUITE 11
STIGLER, OK 74462
COUNSEL FOR THE STATE

MIKE HUNTER
ATTORNEY GENERAL OF OKLAHOMA
MATTHEW D. HAIRE
ASSISTANT ATTORNEY GENERAL
313 NE 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

OPINION BY: KUEHN, J.
LUMPKIN, P.J.: CONCURRING IN RESULT
LEWIS, V.P.J.: CONCUR
HUDSON, J.: SPECIALLY CONCUR
ROWLAND, J.: SPECIALLY CONCUR




LUMPKIN, PRESIDING JUDGE: CONCURRING IN RESULT
¶1 I concur in the results reached but cannot agree with the analysis set forth in Proposition One. The Opinion omits part of the plain error standard of review. Appellant waived his right to preliminary hearing when he proceeded to trial.
¶2 As Appellant made no formal motion to quash prior to entering his plea at the formal arraignment, he waived appellate review of this issue for all but plain error. Primeaux v. State, 2004 OK CR 16, ¶ 18, 88 P.3d 893, 900. This Court reviews for plain error pursuant to the test set forth in Simpson v. State, 1994 OK CR 40, 876 P.2d 690, and determine whether Appellant has shown an actual error, which is plain or obvious, and which affects his substantial rights. Jackson v. State, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id.; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.
¶3 Appellant has failed to show an actual error in the present case. This Court has long recognized that a defendant who proceeds to trial without challenging the absence of a preliminary hearing or, if one was held, any irregularities therein, waives his right to preliminary hearing. Berry v. State, 1992 OK CR 41, ¶ 9, 834 P.2d 1002, 1005 ("[A]ny error arising from the lack of a preliminary hearing on second and subsequent charges was waived by the defendant's entry of a plea to the information and his proceeding to trial without timely offering any objections to the information."); Hambrick v. State, 1975 OK CR 86, ¶ 11, 535 P.2d 703, 705 ("When a defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or if one was held, any irregularities therein."); Muldrow v. State, 1919 OK CR 313, 185 P. 332, 334 ("[I]f the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to a preliminary examination.").
¶4 At the bare minimum, Appellant knew that the State intended to proceed on the Supplemental Information when he received the State's Witness List on August 4, 2016. Defense counsel admitted this fact in his argument to the trial court. Appellant's trial did not start until August 15, 2016. Despite the fact that Appellant had ten days to challenge the sufficiency of the preliminary hearing, he lay behind the log and did not raise the instant challenge until the day of trial and proceeded to trial without resolution of the issue. As Appellant failed to challenge the lack of a preliminary hearing and proceeded to trial, he waived his right to a preliminary hearing on the Supplemental Information. Therefore, no error, plain or otherwise, occurred.




HUDSON, J., SPECIALLY CONCURS
¶1 Appellant ran a stop sign at the intersection of two state highways while driving at a high rate of speed in a ten-wheeled lumber truck. This resulted in the deaths of two people when the Lexus in which they were traveling crashed broadside into the bed of Appellant's lumber truck, sheering off the top part of the Lexus as it passed underneath the truck bed. The prosecutor's decision to file two counts of First Degree Misdemeanor-Manslaughter under 21 O.S.2011, § 711(1) was appropriate on these facts. Under Oklahoma law, Failure to Stop at a Stop Sign is a misdemeanor offense for which Appellant was actually charged and convicted in Count 3 (although we dismiss this conviction on double punishment grounds). 47 O.S.2011, §§ 11-201, 17-101(A). We held in State v. Haworth, 2012 OK CR 12, 283 P.3d 311 that "so long as a causal relation can be established between the misdemeanor and the homicide, any misdemeanor could conceivably serve as a predicate for First Degree Manslaughter, consistent with the plain, unambiguous wording of that statute." Id., 2012 OK CR 12, ¶ 19, 283 P.3d at 318 (emphasis added).
¶2 Appellant complains in Proposition II that we should modify his sentences because the legal theory upon which his misdemeanor-manslaughter convictions rest "stands on less than a perfectly solid legal foundation." Aplt. Br. at 6. There is nothing shaky about it. But for Appellant's failure to stop at the stop sign, the victims would not have been killed. The commission of the misdemeanor offense of running a stop sign was therefore the proximate cause of the victims' deaths. State v. Ceasar, 2010 OK CR 15, ¶ 11, 237 P.3d 792, 795-96 (focus of causal relation analysis is whether the defendant's conduct "was a substantial factor in bringing about the victim's death."). We observed in Haworth that the determination of which charge to bring in these circumstances--negligent homicide or misdemeanor-manslaughter--is left to the prosecutor's broad discretion. Haworth, 2012 OK CR 12, ¶ 18, 283 P.3d at 317. It's hard to argue with the prosecutor's charging decision here based on the record evidence. That is especially so considering the jury rejected convictions on the misdemeanor offense of Negligent Homicide for which it was also instructed on Counts 1 and 2 (O.R. 175-77, 186-87). I therefore specially concur in today's decision.




ROWLAND, JUDGE, SPECIALLY CONCURRING:
¶1 I concur that under the unique facts of this case, no relief is warranted and Thompson's convictions should be affirmed. Nothing in the Court's decision today, however, should be read as diminishing a defendant's entitlement to a preliminary hearing on prior convictions used to enhance his sentence. In this case, the Supplemental Information, commonly referred to as a page two, had been on file approximately one year prior to the start of the preliminary hearing. Thompson was bound over with prior convictions even though no specific evidence of them was presented during the preliminary hearing. I agree this did not deprive the district court of jurisdiction over the Supplemental Information.
¶2 In Thomas v. State, the defendant was bound over at preliminary hearing with three prior felony convictions, after which two of the prior convictions were stricken from the page two and replaced by two more recent felony convictions. Thomas, 1984 OK CR 19, ¶ 11, 675 P.2d 1016, 1020. This Court rejected his claim that he was entitled to a second preliminary hearing on the specific prior felony convictions which would be used to enhance his potential punishment at trial, citing the fact that "the appellant was put on notice that he was to be charged as a second and subsequent offender, and subject to enhanced punishment pursuant to 21 O.S.1981, § 51(B), at his preliminary hearing by virtue of the three convictions then alleged." Thomas, 1984 OK CR 19 at ¶ 13, 675 P.2d at 1020.
¶3 In declining to quash Thompson's Supplemental Information or to remand his case for further preliminary hearing on the second page, the district court did not commit error. There is no dispute about the existence of his prior convictions. More than a year and a half passed between the time the Supplemental Information was filed and the time Thompson was bound over for trial, and thus more than ample time had passed to properly put him on notice that enhancement of his sentence was being sought. That being said, I join the Summary Opinion's urging of prosecutors to be diligent in ensuring that similar facts do not arise in the future. This can be done by filing a page two with the original Information, and with every Amended Information filed in a given case.





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 90, 753 P.2d 1371, LANDTROOP v. STATE
Discussed
 1989 OK CR 85, 785 P.2d 317, DOYLE v. STATE
Discussed at Length
 1992 OK CR 41, 834 P.2d 1002, BERRY v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 1919 OK CR 313, 185 P. 332, 16 Okl.Cr. 549, Muldrow v State
Discussed
 2004 OK CR 16, 88 P.3d 893, PRIMEAUX v. STATE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2010 OK CR 15, 237 P.3d 792, STATE v. CEASAR
Discussed
 2010 OK CR 25, 243 P.3d 461, BURGESS v. STATE
Discussed
 2012 OK CR 12, 283 P.3d 311, STATE v. HAWORTH
Discussed at Length
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 1975 OK CR 86, 535 P.2d 703, HAMBRICK v. STATE
Discussed
 2016 OK CR 5, 371 P.3d 1120, JACKSON v. STATE
Discussed
 1984 OK CR 19, 675 P.2d 1016, THOMAS v. STATE
Discussed at Length
 1985 OK CR 26, 696 P.2d 501, KOONCE v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 51, Repealed
Cited
 21 O.S. 711, First Degree Manslaughter
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-201, Obedience to and Required Traffic-Control Devices
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA