996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry Lewis THOMAS, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 92-6267.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Jerry Lewis Thomas, an inmate of the State of Oklahoma appearing pro se, appeals from the order of the district court adopting the findings and recommendations of the magistrate judge and denying petitioner's petition for a writ of habeas corpus. This court granted petitioner's application for a certificate of probable cause in an order filed on April 27, 1993. Petitioner also moves this court to supplement his appellate brief with recent Oklahoma authority and to make the jury instructions a part of the record on appeal. The motions are granted. We exercise jurisdiction under 28 U.S.C. § 2253, and affirm.
 
 
 2
 Petitioner raises eight issues[1] on appeal: I) the district court's finding that Oklahoma applies its procedural bar rule consistently is clearly erroneous and contrary to law; II and III) the magistrate judge's findings and conclusions that issues of mootness and dictum are not cognizable in habeas are clearly erroneous and contrary to law; IV) the district court's conclusion that the Oklahoma Court of Appeals relied on a procedural bar as to petitioner's grounds not raised on direct appeal is clearly erroneous and contrary to law; V) the district court erred in finding that petitioner failed to show cause and prejudice for his failure to raise certain issues on direct appeal by alleging ineffective assistance of trial and appellate counsel; VI) the district court's findings of fact and conclusions of law that counsels' conflicts of interest did not affect petitioner's trial and appeal are clearly erroneous and contrary to law; VII and VIII) the evidence was insufficient to support petitioner's convictions for burglary and rape.
 
 
 3
 The district court's findings of fact will not be set aside unless they are clearly erroneous, see Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985), but we review the district court's legal conclusions de novo, Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir.1992). Petitioner makes the same arguments on appeal as before the district court. We have considered them and have reviewed the record carefully, and affirm the order of the district court denying habeas relief for substantially the same reasons as in the district court's Memorandum Opinion and Order, entered on July 29, 1992, a copy of which is attached.
 
 
 4
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 7
 JERRY LEWIS THOMAS, Petitioner,
 
 
 8
 v.
 
 
 9
 JACK COWLEY, Respondent.
 
 
 10
 CIV-91-417-R.
 
 MEMORANDUM OPINION AND ORDER
 
 11
 Habeas Corpus Petitioner Jerry Lewis Thomas has filed objections to the Report and Recommendation of United States Magistrate Judge Bana Blasdel. Also before the Court is Petitioner's motion to supplement the record on his conflict-of-interest and ineffective assistance of counsel claims. That motion is granted.
 
 
 12
 Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 39(D), the Court reviews de novo those portions of the Report and Recommendation to which Petitioner has made objection and in so doing considers the supplemented record.
 
 
 13
 First, Petitioner asserts that the Oklahoma Court of Criminal Appeals did not "expressly and unequivocably" state that Petitioner's failure to raise issues on direct appeal barred Petitioner from raising them in post-conviction proceedings. He contends that because the Court of Criminal Appeals did not use the term "procedural bar," its statement falls short of a plain statement clearly and expressly stating that its judgment rests on a state procedural bar, citing Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
 
 
 14
 This objection is without merit. As observed by the Magistrate at page 3 of the Report and Recommendation, the Oklahoma Court of Criminal Appeals, the last state court rendering judgment in the case, stated in affirming the denial of post-conviction relief to Petitioner, "[a]ll issues not raised in the direct appeal, which could have been raised are waived. 22 O.S. 1986, § 1086. It is difficult to imagine a much clearer statement that that court's decision rested on a state law procedural bar that applies when a petitioner has failed to raise an issue on direct appeal which he asserts as a basis for post-conviction relief. No mention is made of federal law in the Oklahoma Court of Criminal Appeals' Order. The Magistrate's conclusion is not contrary to law. See generally Ylst v. Nunnemaker, --- U.S. ----, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991).
 
 
 15
 Next, Petitioner asserts that the Magistrate "erred in her reporting that Petitioner failed to demonstrate that Oklahoma does not 'strictly follow' its rule embodied in 22 O.S. § 1086." Petitioner implies that the Magistrate overlooked the exhibits to Petitioner's Reply to Respondent's Response and asserts that "[t]he Court should have an evidentiary hearing to further develop the record" so that he can show that the procedural rule in Okla.Stat. tit. 22, § 1086 is not strictly or regularly followed.
 
 
 16
 The Court has reviewed the exhibits to Petitioner's Reply to Respondent's Response. The Magistrate's finding that [t]hese orders provide no evidence, one way or the other, regarding the state court's application of Oklahoma's contemporaneous objection rule to bar review or its 'inadequately raised' exception to the bar" is not clearly erroneous. The Magistrate's conclusion that Petitioner failed to show that the Oklahoma Court of Criminal Appeals does not regularly apply its contemporaneous objection rule to bar post-conviction review of issues not raised on direct appeal is not contrary to law. An evidentiary hearing was not and is not required on this issue. It appears that Oklahoma courts regularly follow the procedural bar rule of Okla.Stat. tit. 22, § 1086 in post-conviction proceedings. See Hale v. State, 807 P.2d 264, 266-67 (Okla.Crim.App.1991); Cartwright v. State, 708 P.2d 592, 593 (Okla.Crim.App.1985), cert. denied, 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed. 808 (1986); Jones v. State, 704 P.2d 1138, 1139-40 (Okla.Crim.App.1985), cert. denied, 459, U.S. 1155, 103 S.Ct. 799, 74 L.Ed. 1002 (Okla.1983); Maines v. State, 597 P.2d 774, 776 (Okla.Crim.App.1979); Castleberry v. State, 590 P.2d 697, 701 (Okla.Crim.App.1979); Ellington v. Crisp, 547 P.2d 391 (Okla.Crim.App.1976); Smith v. State, 546 P.2d 1351, 1353 (Okla.Crim.App.1976);
 
 
 17
 Next, Petitioner asserts that the Magistrate's findings that Petitioner had not demonstrated cause or prejudice are clearly erroneous. In this regard, Petitioner asserts that actual conflicts of interest existed between himself and his trial and appellate counsel; that the Court should hold an evidentiary hearing since such conflicts have been demonstrated by Petitioner, citing United States v. Winkle, 722 F.2d 605, 611 (10th Cir.1983) and Church v. Sullivan, 942 F.2d 1501, 1509-12 (10th Cir.1991); that the Magistrate erred in concluding that Petitioner's ineffective assistance of counsel claim failed with regard to his trial counsel; that the Magistrate erred in not addressing the ineffective assistance of appellate counsel on the merits; and that the Magistrate erred in concluding that the alleged conflict of interest had no affect on Petitioner's trial or on his appeal and could not constitute "cause" for the procedural default.
 
 
 18
 The Court has reviewed the transcripts of Petitioner's trial, sentencing and new trial motion and agrees with the Magistrate's finding that trial counsel's performance was well within the "wide range of reasonable professional assistance," Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674, 694 (1984). While a conflict of interest existed between trial counsel and Petitioner with regard to Petitioner's claims of ineffective assistance of trial counsel as grounds for his new trial motion, Petitioner filed and the trial court considered Petitioner's own brief asserting such grounds. The state trial court conducted an evidentiary hearing on Petitioner's claim that his trial counsel failed to subpoena certain witnesses who would have corroborated and verified substantive evidence which tended to prove Petitioner's innocence. Trial counsel filed a motion to withdraw based on a conflict of interest between trial counsel and Petitioner due to Petitioner's assertion of ineffective assistance in his brief supporting a new trial motion. See Transcript of Hearing on November 24, 1981, attached as Exhibit "A" to Petitioner's Brief in Support of Motion to Supplement Record ("Nov. 24, 1981 Tr.") and Criminal Appeal--Original Record at pp. 80-97. The trial court overruled this motion, finding that Petitioner's claims for ineffective assistance of counsel asserted as grounds for a new trial motion, which constituted the basis for the conflict of interest, were frivolous. Nov. 24, 1981 Tr. at pp. 49-51. In any event, Petitioner did raise and the Oklahoma Court of Criminal Appeals addressed on appeal the merits Petitioner's claim for ineffective counsel. Accordingly, the Court concludes that the alleged conflict did not adversely affect Petitioner's representation at trial. Thus, the alleged conflict of interest between trial counsel and Petitioner in asserting a new trial motion on grounds of ineffective assistance of counsel cannot constitute cause for the procedural default.
 
 
 19
 Although Petitioner's appellate counsel did not raise on appeal the issue of trial counsel's alleged ineffectiveness, this Court finds no conflict of interest inherent in the facts that Petitioner's trial and appellate counsel worked in the same public defender's office and that appellate counsel failed to raise the ineffectiveness claim which adversely affected appellate counsel's performance. As observed by the Magistrate, "appellate counsel does not have a duty to raise every 'colorable' claim suggested by a client...." Report and Recommendation at p. 6 (quoting Jones v. Barnes, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987, 995 (1983)).
 
 
 20
 Since Petitioner's ineffectiveness of trial counsel claim fails, it was unnecessary for the Magistrate to address Petitioner's claim for ineffectiveness of appellate counsel based upon a conflict of interest and failure to raise on appeal the issue of trial counsel's ineffectiveness.
 
 
 21
 Petitioner takes issue with the Magistrate's conclusion regarding alleged prosecutorial misconduct, that "[t]here was neither persistent and pronounced misconduct nor was the evidence so insubstantial that absent such conduct, a conviction probably would not have occurred," Report and Recommendation at p. 11, reiterating lengthy lists of alleged misconduct and improper comment by the prosecutor. See Petitioner's Objections to the U.S. Magistrate's Report and Recommendations at pp. 9-12 & 17-21. The Court has reviewed Petitioner's briefs and the trial transcript and concludes that the Magistrate's conclusion is not contrary to law. Petitioner was not deprived of a fair trial by any alleged misconduct or comments of the prosecutor.
 
 
 22
 Petitioner asserts in his objection directed to the Magistrate's findings and conclusions concerning the stipulation of prior convictions, that the prosecutor usurped the function of the trial court during the penalty phase of his trial by argument which Petitioner characterizes as instructions to the jury concerning the effect of the stipulation on the state's burden of proof regarding the facts of prior convictions. See Petitioner's Objections at p. 23. Petitioner's argument is without merit. The prosecutor's argument, taken in context, was that the stipulation in conjunction with the state's exhibits numbers 18, 19 and 20, because uncontroverted, satisfied the prosecution's burden. The trial court's instructions to the jury properly explained that the State had the burden of proving beyond a reasonable doubt that the Defendant had previously been convicted of one or more felonies as charged in the Information. Criminal Appeal--Original Record, Court's Instruction (Second Charge) at 58-61. Petitioner was not deprived of due process during the penalty phase of the trial by this comment by the prosecutor.
 
 
 23
 Otherwise as to the Magistrate's findings and conclusions concerning the stipulation to prior conviction, see Report and Recommendation at pp. 13-14, Petitioner simply generally asserts that the Magistrate's Report is "clearly erroneous," and again suggests that the stipulation was the "functional equivalent" of guilty pleas. Petitioner's Objections at p. 23.
 
 
 24
 The Court has carefully reviewed the transcript of the penalty phase of the trial and the trial court's instructions for this phase. The Magistrate's findings are not clearly erroneous. Her conclusion that Petitioner's counsel's stipulation was not the equivalent of a guilty plea in the second phase (or that Petitioner is incorrect in his assertion that the stipulation was the equivalent of a guilty plea in the second stage, see Report and Recommendation at p. 15), is not clearly erroneous or contrary to law.
 
 
 25
 Finally, Petitioner asserts that the Magistrate's findings concerning sufficiency of the evidence are clearly erroneous and that the insufficiency of the evidence was compounded "by the fact that the trial court did not instruct the jury on the essential elements of burglary and rape. Having reviewed the entire trial transcript, the Court finds no error in the Magistrate's findings and conclusions. The record shows that the trial court did instruct the jury on the essential elements of burglary in the second degree and rape in the first degree. See Criminal Appeal--Original Record, Court's Instruction, pp. 47-50.
 
 
 26
 In accordance with the foregoing, the Report and Recommendation of United States Magistrate Judge Bana Blasdel entered on March 2, 1992, as supplemented herein, is ADOPTED; the petition for a writ of habeas corpus is DENIED; and a Certificate for Probable Cause is DENIED.
 
 
 27
 IT IS SO ORDERED this 29th day of June, 1992.
 
 
 28
 /s/DAVID L. RUSSELL
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Propositions IX-XXXII and subpropositions VI-XLVII to petitioner's Proposition V are mentioned in petitioner's opening brief but no arguments are developed; these issues are therefore waived. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1558 n. 1 (10th Cir.1992), modified on r'hrg on other ground, 1993 WL 189887 (June 7, 1993)