**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MADYUN ABDULHASEEB,

Petitioner-Appellant,

v.

STEVE HARGETT

Respondent-Appellee.

No. 96-6348
(D.C. No. CIV-96-379-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Madyun Abdulhaseeb seeks to appeal the the United States District Court for the Western District of Oklahoma's denial of his petition for a writ of habeas corpus. In 1981, Mr. Abdulhaseeb was convicted in Oklahoma County District Court for second degree burglary after the former conviction of two or more felonies and first degree rape after the former conviction of two or more felonies. *See Thomas v. Oklahoma*, 675 P.2d 1016, 1018 (Okla. Crim. App.), *cert. denied*, 466 U.S. 942 (1984).[1] The court sentenced Mr. Abdulhaseeb to twenty-five years imprisonment and 150 years imprisonment on the respective counts, the sentences to run consecutively. *Id.*

Although Mr. Abdulhaseeb appealed his convictions, the Oklahoma Court of Criminal Appeals affirmed, *see id.* at 1023, and the United States Supreme Court denied certiorari. *Thomas v. Oklahoma*, 466 U.S. 942 (1984). Mr. Abdulhaseeb then filed two motions for post-conviction relief with the Oklahoma County District Court. The Oklahoma County District Court denied both motions. Thereafter, in 1991, Mr. Abdulhaseeb filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma.[2] *See*

---

[1] At the time of his 1981 convictions, Mr. Abdulhaseeb apparently was named Jerry Lewis Thomas. *See id.*

[2] In his 1996 petition for a writ of habeas corpus, Mr. Abdulhaseeb conspicuously fails to allege that he filed a previous habeas corpus petition in federal court.

-2-

*Thomas v. Cowley*, No. 92-6267, 1993 WL 220607, at *2-5 (10th Cir. June 22, 1993) (unpublished disposition), *cert. denied*, 510 U.S. 1126 (1994).  The district court denied the petition, and the Tenth Circuit Court of Appeals affirmed the judgment of the district court.  *Id.* at *1, *5.

In March 1996, Mr. Abdulhaseeb filed his present, second, federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Mr. Abdulhaseeb argues his 1981 convictions for second degree burglary and first degree rape are invalid because he was denied the effective assistance of counsel[3] and because the prior convictions used to enhance his sentence were unconstitutionally treated as adult convictions, though he was a juvenile at the time of the prior convictions.

On September 26, 1996, the district court dismissed Mr. Abdulhaseeb's

---

[3] Mr. Abdulhaseeb also raised an ineffective assistance of counsel claim in his first habeas petition.  *See Thomas*, 1993 WL at *3-4.  However, it appears the ineffective assistance of counsel claim raised in the earlier petition was predicated on different grounds than the ineffective assistance of counsel claim asserted in the present petition.  In the 1991 petition, Mr. Abdulhaseeb apparently argued he was denied effective assistance of counsel due to a conflict of interest and due to his trial counsel's failure to subpoena certain witnesses.  *Id.*  In the 1996 petition, Mr. Abdulhaseeb argues his trial counsel and appellate counsel were ineffective because they failed to raise the issue of an improper jury instruction regarding the burden of proof and presumption of innocence.

petition as an abusive filing. The district court also denied Mr. Abdulhaseeb a certificate of appealability. Mr. Abdulhaseeb then filed a Notice of Appeal with this court.

## II. CERTIFICATE OF APPEALABILITY

Mr. Abdulhaseeb seeks to appeal the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1) (1997) provides "an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a circuit judge issues a certificate of appealability.[4] "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Mr. Abdulhaseeb raises two principle arguments in his current petition. First, he contends his 1981 convictions are improper because the former felony

---

[4] 28 U.S.C. § 2253(c) applies to all notices of appeal filed after April 24, 1996, the date on which the President signed the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. *See Houchin v. Zavaras*, 107 F.3d 1465, 1468 (10th Cir. 1997) (applying § 2253 to notice of appeal filed April 26, 1996). Because Mr. Abdulhaseeb filed his Notice of Appeal on October 3, 1996, 28 U.S.C. § 2253(c) is applicable to this appeal.

convictions used to enhance his sentences were unconstitutionally treated as adult convictions. Second, Mr. Abdulhaseeb argues his 1981 convictions were obtained in violation of the Due Process Clause of the Fourteenth Amendment because he was deprived of the effective assistance of counsel at his jury trial and on direct appeal.

Before determining whether Mr. Abdulhaseeb's contentions amount to a "substantial showing of the denial of a constitutional right" so as to warrant issuance of a certificate of appealability, we must first ascertain whether the district court properly determined Mr. Abdulhaseeb's petition should be dismissed for abuse of the writ. If Mr. Abdulhaseeb has abused the writ with respect to the two claims he seeks to raise in his habeas petition, his appeal cannot proceed, and we must deny a certificate of appealability. In general, the abuse-of-the-writ doctrine "prohibits subsequent habeas consideration of claims not raised, and thus

defaulted, in the first federal habeas proceeding."[5]  *McCleskey v. Zant*, 499 U.S.

467, 490 (1991).

> When a prisoner files a second or subsequent [habeas corpus]
> application, the government bears the burden of pleading abuse of
> the writ.  The government satisfies this burden if, with clarity and
> particularity, it notes petitioner's prior writ history, identifies the
> claims that appear for the first time, and alleges that petitioner has
> abused the writ.  The burden to disprove abuse then becomes
> petitioner's.  To excuse his failure to raise the claim earlier, he must
> show cause for failing to raise it and prejudice therefrom ....

*Id.* at 494.  To establish cause, the petitioner must show "'some objective factor

external to the defense impeded [the defendant's] efforts' to raise the claim" in the

first petition.[6]  *Id.* at 493 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

---

[5]  We recognize the Antiterrorism and Effective Death Penalty Act of 1996 established new standards for evaluating second or successive habeas corpus petitions.  *See* 28 U.S.C. § 2244(b); *Hatch v. Oklahoma*, 92 F.3d 1012, 1014 (10th Cir. 1996).  However, because Mr. Abdulhaseeb filed this habeas petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act, we assume the new standards do not apply to Mr. Abdulhaseeb's petition.  *See United States v. Fykes*, No. 96-1138, 1996 WL 699762, at *1 n.1 (10th Cir. Dec. 5, 1996) (unpublished disposition) (holding the successive petition provisions of Antiterrorism and Effective Death Penalty Act are inapplicable to case filed before date of enactment); *Williams v. Calderon*, 83 F.3d 281, 285 (9th Cir. 1996) (holding amendments to 28 U.S.C. § 2244(b) do not apply to petition filed two days prior to enactment of Antiterrorism and Effective Death Penalty Act).  Even if we were to apply the more restrictive successive petition standards contained in the Antiterrorism and Effective Death Penalty Act, *see Reid v. Oklahoma*, 101 F.3d 628, 629 n.2 (10th Cir. 1996), *petition for cert. filed*, (March 13, 1997) (No. 96-8211), we would conclude that review of Mr. Abdulhaseeb's petition is barred under amended § 2244(b).

[6]  A petitioner need not establish cause if he can show a fundamental miscarriage of justice would result from a failure to decide the claim.  *McCleskey*, 499 U.S. at 494-95.  In other words, we will excuse cause where the petitioner

-6-

If the petitioner can establish cause, he must then show "actual prejudice" resulted from the error of which he complains. *Id.* at 494.

In the present case, the government filed a motion in the district court citing Mr. Abdulhaseeb's prior writ history. Although the government's motion sought to compel Mr. Abdulhaseeb to comply with the 1996 amendments to 28 U.S.C. § 2244(b), we believe the motion sufficiently raised abuse of the writ. Thus, we must determine whether Mr. Abdulhaseeb can establish cause and prejudice for his failure to raise each of his claims in his prior petition.

First, we turn to Mr. Abdulhaseeb's contention that his 1981 convictions are invalid because the former felony convictions used to enhance his punishment are unconstitutional. Assuming, without deciding, Mr. Abdulhaseeb can establish cause for failure to raise this claim,[7] we do not believe he can show actual prejudice. While under eighteen years of age, Mr. Abdulhaseeb was convicted twice in 1962 as an adult of second degree burglary (Case Nos. 27876 and 27984) and convicted once in 1964 as an adult of second-degree rape (Case No. 29664).

_____

makes a "'colorable showing of factual innocence.'" *Id.* at 495 (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)).

[7] Citing a number of cases, Mr. Abdulhaseeb ostensibly contends an intervening/supervening change in the law is the "cause" for his failure to raise the claim in his prior petition.

*Thomas*, 675 P.2d at 1020 n.6.  Thereafter, in 1972, the Tenth Circuit Court of Appeals declared unconstitutional the statute under which Mr. Abdulhaseeb was tried as an adult.  *See Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972).

In 1980, when Mr. Abdulhaseeb was charged with second degree burglary and first degree rape, the state filed an information listing the 1962 and 1964 convictions as grounds for an enhancement of punishment.  *Thomas*, 675 P.2d at 1020.  However, prior to trial, the state amended the information to delete the two 1962 convictions and to add a 1972 conviction for robbery with a firearm and a 1973 conviction for carrying a firearm.  *Id.*  Thus, two valid prior felonies support Mr. Abdulhaseeb's 1981 sentence enhancements -- the 1972 conviction and the 1973 conviction.  Because only two prior convictions are necessary under Oklahoma law for the punishment enhancement Mr. Abdulhaseeb received, *see* Okla. Stat. tit. 21 § 51, Mr. Abdulhaseeb's 1981 convictions and sentences can be sustained even if the 1964 conviction alleged in the amended information was unconstitutional.  *See Webster v. Estelle*, 505 F.2d 926, 931 (5th Cir. 1974) ("[w]here enhancement could have been based on other convictions, reliance on an invalid one is harmless"), *cert. denied*, 421 U.S. 918 (1975); *Gerberding v. Swenson*, 435 F.2d 368 (8th Cir. 1970) (because only one prior felony was necessary to support enhancement, court affirmed conviction where one of three

-8-

prior felonies admitted on enhancement issue was retroactively invalid), *cert. denied*, 403 U.S. 906 (1971); *Beavers v. Alford*, 582 F. Supp. 1504, 1506 (W.D. Okla. 1984) (sentencing court's reliance on invalid conviction is harmless when enhancement could be based upon petitioner's other convictions). We therefore conclude Mr. Abdulhaseeb cannot establish prejudice for failure to assert his first claim in a prior petition.[8]

Next, we must determine whether Mr. Abdulhaseeb has abused the writ with respect to his ineffective assistance of counsel claim. Mr. Abdulhaseeb appears to argue his trial counsel and appellate counsel were ineffective because they failed to raise the issue of an improper jury instruction regarding the burden of proof and presumption of innocence. Mr. Abdulhaseeb contends an "intervening/supervening" change in the law provides "cause" for his failure to assert this claim in his prior petition. Mr. Abdulhaseeb cites a number of cases

---

[8] Mr. Abdulhaseeb also alleges the Oklahoma trial court was without jurisdiction to enter a 1980 "Consent Decree for Orders Granting Post-Conviction Relief." The consent decree, *inter alia*, voided one of Mr. Abdulhaseeb's 1962 convictions and modified the sentences for Mr. Abdulhaseeb's 1972 and 1973 convictions. *Thomas*, 675 P.2d at 1020 n.6. Assuming, without deciding, Mr. Abdulhaseeb is correct and the court did not have jurisdiction to enter the decree, this would not render the 1972 and 1973 convictions invalid, as Mr. Abdulhaseeb appears to argue. *See* Apt's brief at 7 ("those two convictions ... were filed illegal.")). Nor would it entitle Mr. Abdulhaseeb to any relief under 28 U.S.C. § 2254. Hence, we need not determine whether the trial court had jurisdiction to enter the 1980 consent decree.

that he contends are "intervening/ supervening decisions," including *United States v. Gaudin*, 115 S. Ct. 2310 (1995), *Sullivan v. Louisiana*, 508 U.S. 275 (1993); *United States v. Wiles*, 102 F.3d 1043 (10th Cir. 1996); and *Harmon v. Marshall*, 69 F.3d 963 (9th Cir. 1995).

Our review of the cases cited by Mr. Abdulhaseeb does not lead us to conclude there has been an intervening change of law with respect to Mr. Abdulhaseeb's ineffective assistance of counsel claim. Thus, we conclude Mr. Abdulhaseeb cannot establish cause for his failure to have previously raised this claim. Having determined Mr. Abdulhaseeb cannot establish cause, we need not address the prejudice inquiry.[9] *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). We therefore conclude Mr. Abdulhaseeb has abused the writ with respect to his ineffective assistance of counsel claim.

## II. CONCLUSION

Because Mr. Abdulhaseeb has abused the writ with respect to each of his claims, his appeal cannot proceed and we have no need to determine whether Mr.

---

[9] We also note Mr. Abdulhaseeb has made no showing of factual innocence. Consequently, we may not excuse the "cause" requirement in this case. *See McCleskey*, 499 U.S. at 495.

Abdulhaseeb has not made a substantial showing of the denial of a constitutional right.  We hereby deny Mr. Abdulhaseeb a certificate of appealability, and we **DISMISS** Mr. Abdulhaseeb's petition for a writ of habeas corpus.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge