F I L E D
**United States Court of Appeals
Tenth Circuit**

**APR 28 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY E. LUCKY,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

Nos. 98-6252
98-6306
98-6394
(D.C. No. CIV-97-633-L)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

In this 28 U.S.C. §2254 action, Bobby Eugene Lucky appeals the denial of his petition for a writ of habeas corpus, motion to file in forma pauperis, and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion for a certificate of appealability. Mr. Lucky's petition, as liberally

construed, asserts the following grounds for relief: (1) the trial court lacked

jurisdiction; (2) the trial court erred in admitting two his prior convictions for

purposes of impeachment and (3) enhancement; (4) the state appellate court erred

in upholding the use of these convictions; and (5) ineffective assistance of trial

and appellate counsel.[1] All of his claims apparently stem from the admittance and

use of two of his former convictions to impeach him and enhance his sentence.

We affirm.

In May 1992, Mr. Lucky was tried and convicted of Grand Larceny After

Former Conviction of Two or More Felonies.[2] The underlying information

asserted that Mr. Lucky had been previously convicted of seven felonies,

including burglary in the second degree in 1975 and concealing stolen property in

---

[1] In his petition on appeal, Mr. Lucky stated he was raising the following issues on appeal:

> (1) Lack of jurisdiction over the subject mater, (2) Invidious Discrimination in the State Court's [sic] in the use of case CRF-75-4195 and CRF-76-1253 as A.F.A.C., (3) Deprived of effective assistance of trial and appellate counsel, (4) Deprived of a fair trial, (5) Trial and Appellate counsel failed to perform as counsel in a similar situation, (6) The Oklahoma County District Court, Court of Criminal Appeals had decided an important federal Constitutional question that's in conflict with other federal court's [sic] of appeal.

Aplt. Br. at 4-5. We construe Mr. Lucky's petition liberally as he is proceeding pro se. *See Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998).

[2] At that time, Mr. Lucky was also convicted of Concealing Stolen Property After Former Conviction of Two or More Felonies. The Oklahoma Court of Criminal Appeals reversed this conviction on direct appeal.

1976, Case Nos. CRF-75-4195 and CRF-76-1253, respectively. Two of his other prior convictions were less than ten years old.

Because all of Mr. Lucky's claims stem from the district court's use of his 1975 and 1976 convictions, we first address that issue. Mr. Lucky asserts that the court could not use these convictions to enhance his sentence because they were too old and obtained in violation his constitutional rights. While this claim appears meritless, we need not decide the issue because even if the court improperly used these two convictions such an error would be harmless. Mr. Lucky had been convicted of five other felonies prior to this crime, all of which could be properly used to enhance his sentence. "Where enhancement could have been based on other convictions, reliance on an invalid one is harmless." *Webster v. Estelle*, 505 F.2d 926, 931 (5th Cir. 1974); *see also Abdulhaseeb v. Hargett*, No. 96-6348, 1997 WL 196689 (10th Cir. Apr. 23, 1997); *Beavers v. Alford*, 582 F. Supp. 1504, 1506 (W.D. Okla. 1984). Mr. Lucky's argument that the five subsequent convictions were tainted by the first two, because those two convictions could be used to impeach his testimony also fails. That connection between his prior and subsequent convictions "is too attenuated to amount to constitutional error." *Carbray v. Champion*, 905 F.2d 314, 316 (10th Cir. 1990). Therefore, neither the state trial court's use of the 1975 and 1976 convictions to enhance Mr. Lucky's sentence, nor the state appellate court's affirmance, provide

a basis for habeas relief.

Mr. Lucky next contends that the trial court erred in allowing the government to impeach his testimony with the 1975 and 1976 convictions without balancing prejudice and probativeness as required by section 2609(B) of the Oklahoma Evidence Code.[3] "We will not grant habeas relief on state court evidentiary rulings 'unless they rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'" *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998) (quoting *Duvall v . Reynolds*, 139 F.3d 768, 789 (10th Cir. 1997)). "Thus, we will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by Sawyer v. Smith*, 497 U.S. 227 (1990). Because Mr. Lucky had five other convictions which could be used to impeach him, the admission of these two is not significantly prejudicial. *Cf. Linskey v. Hecker*, 753 F.2d 199, 201 n.2 (1st Cir. 1985). Therefore, even assuming the district court failed to balance as required by state statute, that error

---

[3] In asserting this claim, Mr. Lucky also cites the Federal Rules of Evidence. We note that Federal Rules of Evidence only apply to proceedings in federal court. *See* FED. R. EVID. 101. In criminal proceedings in state court, only the state rules of evidence apply.

of state law did not impinge on Mr. Lucky's due process rights.[4]

We now turn to Mr. Lucky's ineffective assistance of counsel claims. Under *Strickland v. Washington*, 466 U.S. 688 (1984), Mr. Lucky must show that his counsel performed deficiently and that the deficient performance prejudiced his defense. *Id.* at 687. Mr. Lucky claims his counsel was ineffective because he failed to exclude his prior convictions or prevail on appeal. As noted above, even if the 1975 and 1976 convictions were improperly admitted, they did not "deprive [Mr. Lucky] of a fair trial," *id.*, in light of his other convictions.

Finally, we note that Mr. Lucky has not explained the basis of his subject matter jurisdiction claim and there appears to be none. We therefore reject that claim.

For the aforementioned reasons, we hold Mr. Lucky's points of appeal

---

[4] Mr. Lucky successfully challenged another conviction in the Oklahoma Court of Criminal Appeals, on similar but distinguishable grounds. He was tried and convicted of another crime in the early 1990s. At that trial, the prosecution questioned Mr. Lucky about several of his prior convictions. On appeal in that case, the Oklahoma Court of Criminal Appeals ordered a new trial because the trial court failed to consider the state law guidelines for admitting such testimony, the prosecution failed to properly notify the defense that it intended to use the convictions to impeach, and failed to offer any specific facts or circumstances to support those convictions. Mr. Lucky appears to argue that because he successfully appealed that case, he should also be successful in this one.

In the instant case, however, Mr. Lucky does not allege the state failed to follow the proper procedures in admitting his prior convictions, and there is no evidence the state behaved improperly. Moreover, Mr. Lucky's trial and appellate counsel objected to the use of those convictions (it is unclear on what basis), and the state trial and appellate court rejected those claims as matter of state law.

-5-

either fail to state a claim or are legally frivolous. *See* 28 U.S.C. § 1915 (e)(2).

We therefore **DENY** the certificate of appealability, **DENY** leave to file in forma

pauperis, and **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge