FILED
United States Court of Appeals
Tenth Circuit

November 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY L. THOMAS,

       Petitioner - Appellant,

v.

H. A. RIOS, JR., Warden, Lawton
Correctional Facility,

       Respondent - Appellee.

No. 13-6191
(D.C. No. 5:13-CV-00350-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPELABILITY** [*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Jerry L. Thomas, a state prisoner appearing pro se,[1] seeks to appeal the federal

district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Such an appeal

requires a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Exercising

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Thomas is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

jurisdiction under §§ 1291 and 2253(a), we deny Mr. Thomas's request for a COA, and we dismiss this matter.

## I. BACKGROUND

Mr. Thomas was convicted in 1981 of second degree burglary and first degree rape. *Thomas v. State*, 675 P.2d 1016, 1018, 1022 (Okla. Crim. App. 1984).[2] Pursuant to the state sentencing laws, he received enhanced sentences on both counts because he had two or more previous felony convictions. This resulted in consecutive sentences of 25 years and 125 years of imprisonment. On May 28, 2010, Mr. Thomas filed what he titled a "Petition for Writ of Habeas Corpus and/or Retroactive Adult Certification Hearing and Appointment of Counsel" in the Oklahoma County District Court (the "state district court"). ROA at 7. In the petition, Mr. Thomas claimed that his sentence was invalid because the sentencing enhancements were based on unconstitutional felony convictions before he was eighteen years old, in violation of *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972). The state district court, apparently unaware of the petition, failed to respond for more than a year.

Mr. Thomas sought relief from the Oklahoma Court of Criminal Appeals (the "OCCA"), asking that court to order the state district court to act on his petition. The

---

[2] This case recounts the legal proceedings relevant to Mr. Thomas's 1981 conviction. Prior proceedings are also discussed in *Abdulhaseeb v. Hargett*, No. 96-6348, 111 F.3d 140 (10th Cir. 1997) (unpublished table decision) (habeas petition brought under the name Madyun Abdulhaseeb, which Mr. Thomas used during this time), and *Thomas v. Cowley*, No. 92-6267, 996 F.2d 311 (10th Cir. 1993) (unpublished table decision).

OCCA issued the requested order in October 2011, directing the state district court to take up the petition. The state district court complied. It first issued an order directing the State of Oklahoma to respond and informing the parties that the petition would be construed as an application for post-conviction relief because Mr. Thomas sought to challenge the legality of his conviction.

On December 9, 2011, the state district court denied the recharacterized application for post-conviction relief, holding that Mr. Thomas's claims under *Lamb* had been previously addressed by both state and federal courts and were therefore precluded by the doctrine of res judicata. It further held that the application was "frivolous, vexatious and without merit," and ordered Mr. Thomas to show cause why the court should not impose sanctions. ROA at 52.

Mr. Thomas filed a response opposing sanctions, but the court concluded his response contained "unfounded, offensive, abusive or fraudulent" accusations. ROA at 44. The court noted that Mr. Thomas had filed more than 30 pleadings since 1977 based on the same primary ground—the *Lamb* argument—despite an agreement with the state granting him relief and estopping him from further litigation on those grounds.[3]

---

[3] In 1980, Mr. Thomas "entered into an agreement with Oklahoma County" in response to the Tenth Circuit's 1972 *Lamb* decision, which undermined the sentencing enhancements underlying several of his early convictions. *Thomas v. State*, 675 P.2d 1016, 1020 n.6 (Okla. Crim. App. 1984). Pursuant to this agreement, a consent decree voided one felony conviction and modified three others, reducing the associated sentences. The agreement also provided "that the consent decree encompassed, concluded and exhausted all the contentions between the appellant and Oklahoma County

Continued . . .

-3-

For these reasons, the state district court ordered the following sanctions: (1) $750 in attorney fees; (2) $250 in court costs; (3) an order revoking permission to have non-essential personal property for at least thirty days; and (4) revocation of 720 days of Mr. Thomas's earned credits. The order also provided that revocation of the earned credits would be suspended "so long as [Mr. Thomas] ceases to pursue collateral remedy in the Oklahoma County District Court." ROA at 47. Mr. Thomas appealed to the OCCA, which upheld the sanctions on April 11, 2012.[4]

Mr. Thomas then filed a petition for habeas relief under 28 U.S.C. § 2241 in the United States District Court for the Western District of Oklahoma, challenging the sanctions. A magistrate judge recommended the petition be denied. Over Mr. Thomas's objection, the federal district court adopted the recommendation and denied the petition. The district court declined to issue a COA, concluding that Mr. Thomas had failed to meet the burden under *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), because he had not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

---

based on *Lamb v. Brown* . . . or its progeny." *Id.* (citations omitted). In spite of this agreement, Mr. Thomas continued to file challenges based on *Lamb*. In 1984, the OCCA held that Mr. Thomas was estopped by the agreement from continuing to litigate the issue. *Id.* at 1020.

[4] The OCCA did, however, vacate part of a March 4, 2002 state district court order requiring Mr. Thomas to obtain an attorney's signature on any pleadings requesting collateral relief in various ongoing cases.

## II.  **DISCUSSION**

### A.  *Legal Background*

A federal court's habeas review of state court decisions is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA,

when a state court has adjudicated the merits of a claim, a federal court cannot grant

habeas relief unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding," *id.* § 2254(d)(2).

Once a federal district court denies relief, a prisoner may not appeal without first

obtaining a COA.  28 U.S.C. § 2253(c)(1)(A).  The federal district court refused to grant

a COA in this case, and Mr. Thomas therefore requests a COA from this court.  To

determine whether a COA must be granted, "[w]e look to the District Court's application

of AEDPA to petitioner's constitutional claims and ask whether the resolution was

debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336.

Section 2241 petitions may only be "used to attack the execution of a sentence, in

contrast to § 2254 habeas . . .  proceedings, which are used to collaterally attack the

validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809,

811 (10th Cir. 1997) (citations omitted).  Mr. Thomas's § 2241 petition raises numerous

issues challenging both the validity and execution of his sentence.  A federal court can

-5-

consider in a § 2241 proceeding only the issues relating to the execution of his sentence—in this case, the two issues challenging suspended sanctions revoking his 720 days of earned credits. *See id.* (deprivation of good-time credits may be challenged under § 2241).

## B. *Analysis*

Mr. Thomas's combined brief and motion for a COA lists twelve largely repetitive issues. The issues properly brought in a § 2241 petition may be summarized under two main due process arguments: (1) the state district court should have given him notice before recharacterizing his petition as an application for post-conviction relief, and its failure to do so violated due process; and (2) the state district court should have dismissed his petition without prejudice as required by Oklahoma law, Okla. Stat. tit. 12, §§ 1083 and 2003.1(D).[5]

_____

[5] Mr. Thomas attempted to raise his *Lamb* argument yet again to the federal district court. He contended that one of the past felonies applied to enhance his current sentence was unconstitutional because he was under eighteen years of age at the time of conviction. He posited that the sentencing court applied the unconstitutional conviction because of a clerical error—that it mixed up the case number of a void conviction with the case number for one of his many appeals.

This issue is not properly brought in a § 2241 petition because it seeks to challenge the validity of his sentence, not its execution. *McIntosh*, 115 F.3d at 811. We note, however, that even if this issue had been properly raised on collateral appeal, and even if Mr. Thomas had not received relief on his *Lamb* claims more than two decades ago, and even if he were not now estopped from litigating this issue by virtue of his 1980 agreement with Oklahoma County, he still would not be entitled to relief. As multiple courts have noted, the applicable sentencing statute requires only two prior felonies. Okla. Stat. tit. 21, § 51(B). Mr. Thomas has more than two prior felonies, even without the convictions he continues to challenge. *See Thomas*, 675 P.2d at 1020 n.6; *see also*

Continued . . .

The federal district court analyzed the first argument but did not explain its reasoning for the second. It denied relief on both issues and denied a COA. For the reasons provided below, we likewise deny COA.

1. **Mr. Thomas's Due Process Rights Were Not Violated When the State District Court Construed His Petition as an Application for Post-Conviction Relief**

In his § 2241 petition, Mr. Thomas argued that the state district court violated his due process rights when it construed his habeas petition as an application for post-conviction relief without first providing him notice. He pointed to *Castro v. United States*, 540 U.S. 375 (2003), which held that federal courts cannot recharacterize a pro se litigant's motion as a first habeas petition without providing notice to the litigant that the recharacterization will make any subsequent § 2255 motion subject to the restrictions on "second or successive" motions. *Id.* at 383.

In its report and recommendation to the federal district court, the magistrate judge considered these arguments and agreed with the OCCA that the state district court had properly construed Mr. Thomas's petition as a post-conviction application. The magistrate concluded that the recharacterization merely effectuated Mr. Thomas's stated intent to collaterally attack his conviction and was therefore appropriate under *Stewart v. State*, 989 P.2d 940, 943 (Okla. Crim. App. 1999) (it is proper to construe a habeas petition challenging a conviction or sentence as a post-conviction action), *overruled on*

---

*Abdulhaseeb*, 111 F.3d 140, at *3 (unpublished table decision) (affirming denial of relief on a § 2254 habeas petition Mr. Thomas brought using the name Madyun Abdulhaseeb, an alias he has sometimes used).

-7-

*other grounds by King v. State*, 29 P.3d 1089 (Okla. Crim. App. 2001). Finally, the magistrate concluded that the label applied to Mr. Thomas's filing was irrelevant to the sanctions, which were properly imposed because of his past repeated filings of claims precluded by res judicata.

The federal district court adopted the magistrate's recommendations, denied Mr. Thomas's claim and denied COA. After reviewing Mr. Thomas's arguments, we find that reasonable jurists could not disagree with this conclusion.[6] We therefore deny Mr. Thomas's request for a COA on this ground.

2. **Mr. Thomas Is Not Entitled to Habeas Relief Because the State District Court Failed to Dismiss His Petition**

In his § 2241 petition to the federal district court, Mr. Thomas argued that two Oklahoma statutes, Okla. Stat. tit. 12, §§ 1083 and 2003.1(D), required the state district court to dismiss his habeas petition without prejudice. He contends that the district court's decision to instead resolve the petition by issuing sanctions revoking his earned time credits and preventing him from access to the courts violated his due process rights. The federal district court did not clearly articulate its reasons for rejecting this argument. Our own analysis of Mr. Thomas's arguments convinces us that COA should be denied.

The OCCA also did not explicitly address this argument, and it is not clear from the record before us whether Mr. Thomas fairly presented the issue to that court. "A

---

[6] We also note that Mr. Thomas's reliance on *Castro* is misplaced. That case involved the Supreme Court's exercise of its "supervisory powers" over the federal judiciary and thus does not control this case. *Castro*, 540 U.S. at 382-83.

-8-

habeas petitioner is required to exhaust his state court remedies prior to obtaining federal habeas review." *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). Ordinarily, a federal court will dismiss the petition without prejudice to allow the petitioner to return to state court to exhaust his claims. *See Slack*, 529 U.S. at 485-87; *Moore*, 288 F.3d at 1232. Alternatively, a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Moore*, 288 F.3d at 1232.

Mr. Thomas's arguments under each of the two Oklahoma statutes are without merit.

a. *Okla. Stat. tit. 12, § 1083*

Okla. Stat. tit. 12, § 1083 states:

> Any action in which no pleading has been filed or other action taken for a year . . . shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

Mr. Thomas argues that this statute required the state district court to dismiss his petition after a year, and therefore its order resolving the petition—including the sanctions—was invalid. We are not convinced that a court's failure to apply this statute would amount to a due process violation, but in this case there is no indication the state district court's order was not in compliance.

Section 1083 explicitly permits the district court to "allow the action to remain

upon its docket" by issuing a written order "upon written application and for good cause shown." *Id.*; *see also Meadors v. Majors*, 875 P.2d 1166, 1168 (Okla. Civ. App. 1994) ("Section 1083 gives the court the discretion to retain an action . . . [upon] a showing of good cause."). Mr. Thomas made a written application when he asked the OCCA to order the state district court to address his petition, and the OCCA's subsequent order to the state district court to act provided good cause for keeping the petition on its docket.

Reasonable jurists could not debate whether the federal district court was correct in denying Mr. Thomas relief under this statutory provision.

b. *Okla. Stat. tit. 12, § 2003.1(D)*

Okla. Stat. tit. 12, § 2003.1(D) governs pro se legal actions by inmates. It provides that "[i]f the court determines that the filing is a noncomplying petition . . . it shall be returned together with a copy of this statute and a statement of the reason or reasons for its return." *Id.*

Mr. Thomas asserts that the state district court acknowledged in an October 28, 2011 response that his petition had deficiencies that caused it to be unadjudicated for over a year.[7] He argues that § 2003.1(D) required the state district court to return the petition to him with a copy of the statute and a statement of the reasons for its return. When the court failed to do this, he argues, it stripped him of the opportunity to withdraw the petition and avoid sanctions, thus violating his due process rights. Again, we are not

---

[7] Mr. Thomas did not provide this court with a copy of the October 28, 2011 order.

convinced that a court's failure to apply this statute would amount to a due process violation. In any case, we do not see how the sanctions were connected to the procedure outlined in this statute.

A "noncomplying petition" under § 2003.1(D) means a petition that "does not comply with the requirements set forth in § 2003.1(B) and (C)," which list specific information an inmate must include in a petition—for example, the petitioner's name and place of residence and a brief statement of the facts. *Lowe v. Monard*, 942 P.2d 732, 733 (Okla. 1997). There is also no indication in the record that any § 2003.1(B) or (C) deficiencies in the petition, assuming they existed, were even remotely relevant to the delay in adjudicating Mr. Thomas's petition or to the sanctions issued. To the contrary, the state district court said the delay occurred because the court had not received a copy of the petition and was unaware of it. And the court clearly denied relief on res judicata grounds and issued sanctions because the claims were frivolous.

Mr. Thomas's complaint that he missed the opportunity to withdraw the petition and avoid sanctions is especially hollow because the state district court gave Mr. Thomas advanced notice of the pending sanctions in its show cause order.[8] Mr. Thomas did not attempt to withdraw the petition; he simply responded with the same arguments and

---

[8] In contrast, if the state district court had decided to apply this statute, it would have returned the petition to him with a copy of the statute and instructions to provide any missing § 2003.1(B) or (C) data. Unlike the show cause order, this process would not have provided Mr. Thomas with notice as to how the court might eventually rule on the merits of the petition.

allegations he knew would result in sanctions. We agree with the OCCA that the show cause order "provided [Mr. Thomas] with due process by advising him of the potential sanctions" and allowing him to respond. ROA at 40 (OCCA's Order Affirming in Part and Vacating in Part Imposition of Sanctions, addressing a different due process argument).

Reasonable jurists could not debate whether the federal district court should have denied Mr. Thomas relief under this statutory provision.

## III.    CONCLUSION

We conclude that reasonable jurists could not debate the federal district court's application of AEDPA to Mr. Thomas's § 2241 petition or its decision to deny relief. *See Miller-El*, 537 U.S. at 336. We therefore deny Mr. Thomas's request for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-12-